Argued March 5, affirmed April 24, 1963

## MILLER *v.* MILLER
380 P. 2d 980

*Shirley A. Field,* Portland, argued the cause and submitted the brief for appellant.

*R. W. Nahstoll,* Portland, argued the cause for respondent. With him on the brief were Carl R. Neil and Krause, Lindsay & Nahstoll, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Mae R. Miller, from a decree of the circuit court which awarded a divorce to her husband, the defendant, Willis H. Miller. The suit was begun by the plaintiff's complaint which prayed for a decree of separation from bed

and board together with support and maintenance money in the sum of $600 monthly. The defendant's answer, after making charges of cruel and inhuman treatment, asked for a divorce.

By 1960 both the plaintiff and the defendant had passed the fiftieth milestone of their lives. Each had had three previous ventures in matrimony. All three of the plaintiff's had ended in divorce. One of the defendant's ended in that manner. His second terminated in an annulment decree through a suit which he had instituted. The third came to a close with the death of his wife.

A friend of the defendant who inferred that he would like to marry again made him acquainted with the plaintiff. The meeting occurred in August of 1960. The defendant had a tract of land in Hood River County which was devoted to the production of pears and cherries. There stood upon the land a spacious and expensive home in which the defendant and his third wife had lived. The plaintiff pursued the occupation of a manicurist. December 2, 1960, the plaintiff and the defendant became married. Shortly they made a trip in the defendant's trailer to the state of Mississippi where they visited the plaintiff's mother and some of her relatives. Before they returned home friction and unpleasantness had emerged.

August 1, 1961, about eight months after the marriage, the plaintiff filed this suit. Thus, they had lived together for a very short time in the home which was very complete and which the defendant had entirely refurnished at the plaintiff's request.

The charges which the plaintiff makes against the defendant appear to be rather meager. The defendant evidently is a man of means. The fact that the plaintiff asked him repeatedly for money caused him to

suspect that his purse rather than his heart was the object of her interest. The evidence indicates that he provided the plaintiff with ample cash. For example, before departing upon their trip to Mississippi he gave her $300 in traveler's checks to spend as she wished. Before their marriage he gave her rings which cost him more than $1,000. He provided her automobile with four new tires and several new mechanical parts. When they married she owed debts aggregating more than $700. Before this suit was started the debts had been reduced to less than $30. The plaintiff took many trips to Portland, possibly as many as one a week. Before going upon these trips the defendant gave her from $20 to $60 in cash. The plaintiff always had money, but because the defendant declined to provide her with a separate bank account, she became unpleasant.

The defendant, according to our belief, was sincerely interested in having a home and the congenial surroundings which are necessary to convert a house, however expensive it may be, into a fireside. He was proud of the house in which he lived and to which he took the plaintiff upon their marriage. He became disappointed when the plaintiff refused to do little things around the house which he suggested to her. None of them called for much effort. The plaintiff, according to our interpretation of the testimony, negatived the defendant's requests and suggestions by flat noes. Possibly in some phases of human relations an unqualified no is a proper answer. But the matrimonial establishment thrives better when a considerate heart rather than an imperious nature gives the answer. In the home affectionate consideration for one another will rarely prompt an answer such as "no" or "If you want it done, do it yourself." An attitude

which sends forth answers of that kind might become a dictator; but a wife should never regard herself as a dictator.

We have read the testimony with care and have given extensive consideration to the trial judge's memorandum opinion. We concur in the latter.

The decree of the circuit court is affirmed. Costs and disbursements in this court will not be allowed.